UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MERCEDES BENITEZ,
MARCIA DE FATIMA FLORES and
LAZARO A. RODRIGUEZ BRAVO on behalf
of themselves and all similarly situated individuals,

    Plaintiffs,

vs.

CHI-ADA CORPORATION, a Florida Profit
Corporation and BARTHOLOMEW OKORO,
Individually,

    Defendants
_____/

## COMPLAINT CLASS AND COLLECTIVE ACTION

Plaintiffs, MERCEDES BENITEZ, MARCIA DE FATIMA FLORES and LAZARO A. RODRIGUEZ BRAVO (hereinafter "Plaintiffs") on their own behalf and on behalf of other similarly situated current and former "Cleaning Custodians" and/or "Sanitizers" employees, by and through undersigned counsel, hereby file the instant action pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq., (hereinafter the "FLSA"). The instant action is filed as a proposed "opt-in" collective action as to the FLSA overtime claims against Defendants, CHI-ADA CORPORATION, a Florida Profit Corporation, (hereinafter "CHI-ADA") and BARTHOLOMEW OKORO, (hereinafter "OKORO") individually, collectively referred to as "DEFENDANTS") in support thereof, Plaintiffs state as follows:

## OVERVIEW

1. Plaintiffs and all those similarly situated are current or former "Cleaning Custodians" and/or "Sanitizers" who were employed by Defendants in the Southern District of Florida.

1

2. This Complaint is brought on behalf of the Plaintiffs and all others similarly situated who worked for the Defendants and brings causes of action for a proposed "opt-in" national collective action for the recovery of unpaid overtime wages pursuant to 29 U.S.C. § 216(b) of the FLSA, 29 U.S.C. §201 et seq.

3. Plaintiffs bring their FLSA overtime claims as a proposed 29 U.S.C. § 216(b) "opt-in" collective action and seek to recover unpaid overtime wages, liquidated damages, declaratory relief and reasonable attorneys' fees and costs on behalf of themselves and all similarly situated employees who eventually opt in to the class and who worked for the Defendants within the three (3) years preceding the filing of this action (the "Collective Action Class").

4. Plaintiffs know of numerous other similarly situated individuals who are interested in opting into the collective class being proposed via this action and who are interested in the creation of an FLSA collective action with Court-supervised notice of opt-in rights to all others similarly situated.

## **JURISDICTION AND VENUE**

5. This is an action for damages and other relief for unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

6. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

7. Venue is proper for the United States District Court for the Southern District of Florida because:

a. Plaintiffs were employed in the Southern District of Florida by Defendants, which at all times material, conducted, and continue to conduct, substantial business in the Southern District of Florida; and

b. Additionally, venue lies pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred within the Southern District of Florida, and because Defendants are subject to personal jurisdiction there.

**PARTIES**

8. The Plaintiffs and those similarly situated to them are sui juris adult individuals who are current or former employees of Defendants who worked for defendants as "Cleaning Custodians" and/or "Sanitizers" within the three (3) years preceding the filing of this complaint.

9. Plaintiffs are currently residents of the State of Florida. They have all worked for the Defendants as cleaning custodians and performed cleaning services on behalf of the Defendants in Miami Dade County, Florida, at points in time during the three 3 years before the date on which this Complaint was filed. Plaintiffs were therefore employees as defined by 29 U.S.C. § 203(e).

10. Plaintiff, MERCEDES BENITEZ ("BENITEZ") began her employment on or about April 2015 and remained employed until March 2022. During her employment, BENITEZ held the position of cleaning custodian. BENITEZ was compensated at $17.06/hr in 2020 until October 2021. Starting in October 2021, Plaintiff was compensated at $17.63 per hour. BENITEZ'S written consent to join this action as Plaintiff is filed herewith as Exhibit A.

11. Plaintiff, MARCIA DE FATIMA FLORES ("FLORES") began her employment on or about November 20, 2020, and remained employed until January 2022. During her employment,

FLORES held the position of cleaning custodian and was compensated at an hourly rate of $17.06 in 2020, $17.45 in 2021, and $17.62 in 2022. FLORES' written consent to join this action as Plaintiff is filed herewith as Exhibit B.

12. Plaintiff, LAZARO A. RODRIGUEZ BRAVO ("RODRIGUEZ") began his employment on or about June 2020 and remained employed until June 2021. During his employment, Rodriguez held the position of cleaning custodian. From June 2020 until on or about November 2020, RODRIGUEZ was compensated at $17.06hr. From November 2020 through June 2021 he was compensated at $17.45 per hour. RODRIGUEZ'S written consent to join this action as Plaintiff is filed herewith as Exhibit C.

13. Defendant CHI-ADA is a Florida for Profit Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. Defendant CHI-ADA had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

14. Defendant CHI-ADA is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Specifically, CHI-ADA provides janitorial services, security services, maintenance, and cleaning services to private and governmental institutions in Florida, Georgia, and New York using products that have been moved across interstate lines.

16. At all times material to this Complaint, CHI-ADA has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been

moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

17. CHI-ADA has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

18. Defendant OKORO, is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, CHI-ADA.

19. At all relevant times, Defendant OKORO, acted directly in the interest of his company, CHI-ADA. Upon all available information, OKORO, controlled the manner in which Plaintiffs performed their work, and the pay they were to receive.

20. All Defendants were "employers" of Plaintiffs as the term is defined under 29 U.S.C. § 203(d).

## GENERAL FACTUAL ALLEGATIONS

21. In May 2013, CHI-ADA was awarded a five-year janitorial contract with Miami Dade County to provide janitorial services for the Metrorail system, the metro mover system, the bus garages, and the administrative buildings.

22. In 2019, Miami Dade County awarded the janitorial contract for the Metrorail System, the bus garages and the administrative buildings to CHI-ADA for an additional five years up to and including January 8, 2024. (Hereinafter, referred to as "Janitorial Contract").

23. In early 2020, Chi-Ada was awarded and additional janitorial contract with Miami-Dade County to temporarily provide additional disinfecting services of the trains during the Covid-19 pandemic. (Hereinafter, referred to as "Covid-19 Janitorial Contract").

24. Plaintiffs and the similarly situated individuals were employed by the Defendants as cleaning custodians performing janitorial services under both of these contracts. As cleaning custodians, Plaintiffs and the putative class members' primary job duty was non-exempt work including,

among others, manual labor performing janitorial services including cleaning bathrooms, and public areas at the Metrorail systems, the bus garages, and the administrative buildings. Plaintiffs did not actually have any decision-making authority and they could not hire or fire employees, or otherwise make decisions which impacted the business.

25. Notwithstanding, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiffs performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in each workweek.

26. A review of the pay stubs in which Plaintiffs have in their current possession, custody, and control reflect that Plaintiffs were issued one check for the hours worked under the Janitorial contract on a bi-weekly basis.

27. Plaintiffs were then issued a separate payroll check claiming to compensate them for the hours worked under the Covid-19 Janitorial Contract on the same workweek. However, the payment was not at a rate of time and one-half the applicable regular rate and did not compensate them for all overtime worked.

28. Defendants knew that Plaintiffs and other putative class members were working overtime hours because they required Plaintiff and putative class members to work overtime hours.

29. To the extent they do exist, the majority of the relevant pay and time records at issue remain exclusively in the possession, custody, and control of the Defendants. Thus, Plaintiffs are unable to determine and state the exact amount of damages due at this time.

30. Defendants have violated Title 29 U.S.C. §207 from 2020 and continuing to date, in that:
    a. Plaintiffs worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

## **COLLECTIVE ACTION REPRESENTATION ALLEGATIONS**

31. Plaintiffs and those similarly situated to them are all "nonexempt" cleaning custodians who were employed by Defendants at various times during the three (3) years preceding the filing of this action and performed substantially the same or similar job duties as one another regardless of the location or job site at which they worked.

32. Plaintiffs and those similarly situated were subjected to the same pay practices and policies detailed herein, specifically that they were routinely and regularly not adequately compensated for all hours worked over forty (40) hours, a practice which resulted in them not receiving proper FLSA-mandated overtime wages. The potential class members are owed overtime wages for the same reasons as Plaintiffs.

33. Plaintiffs and those similarly situated are/were employees of Defendants' who were employed during workweeks worked during the three (3) years preceding the filing of this action and were compensated with two separate checks based upon the hours worked under each contract.

34. Defendants' usage of separate payroll checks to compensate employees as a way to avoid properly compensating employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA resulted from deliberate and willful policies and/or practices that Defendants knew violated the FLSA.

35. These policies and/or practices were applied to Plaintiffs as well as the proposed class members. Application of these policies and/or practices did not depend on the personal circumstances of

7

Plaintiffs or others similarly situated nor on the location at which they worked for Defendants. Rather, the same policies and/or practices which resulted in the non-payment or under-payment of overtime wages to Plaintiffs applied to all class members.

36. Accordingly, the members of the overtime collective are properly defined as:

    i. All cleaning custodians or hourly employee who have worked for Defendants at any time within the three (3) years preceding the filing of this action, up to the present, who worked in excess of 40 hours in a workweek in one or more workweeks.

37. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the proposed class members.

38. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices with respect to Plaintiffs and those similarly situated: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

39. During the relevant period, Defendants violated §7(a)(1) and §15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

40. Defendants have acted willfully in failing to pay Plaintiffs and the potential class members in accordance with the law.

41. Plaintiffs have retained the undersigned legal counsel to prosecute this action on their behalf and on behalf of all other similarly situated employees and have agreed to pay undersigned counsel a reasonable fee for counsel's work and representation.

42. Undersigned counsel will be entitled to recover reasonable attorneys' fees and costs if either Plaintiffs and/or any other similarly situated employees prevail in this action.

## COUNT I
### VIOLATIONS OF 29 U.S.C. §§ 207, 216(b) AGAINST CHI-ADA
### (OVERTIME COMPENSATION)

43. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-42 of this Complaint as if fully set forth herein

44. Plaintiffs and those similarly situated employees are/were entitled to be paid, pursuant to the FLSA, at the rate of one-half of their effective hourly rate for the hours that they worked in excess of forty (40) hours in any workweek.

45. Additionally, they are/were entitled to be paid their regular hourly rate for all straight time hours they worked for Defendants, in all weeks in which they worked over forty (40) hours in a workweek.

46. Due to intentional, willful, and unlawful acts of Defendants, Plaintiffs and others similarly situated have suffered damages in lost compensation for the time they worked over forty (40) hours per week without receiving overtime compensation.

47. During their employment with Defendants, Plaintiffs and those similarly situated employees were not paid all overtime compensation due under the FLSA.

48. Plaintiffs were not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that they were neither a bona fide executive, administrative, or professional employees.

49. Defendants did not have a good faith basis for their failure to pay Plaintiffs and those similarly situated employees proper overtime pay for all hours worked, and in fact knew their failure to do so was in violation of the FLSA.

50. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees all overtime compensation due, Plaintiffs and those similarly situated employees have suffered damages, including unpaid straight time, unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against CHI-ADA:

A. Declaring that CHI-ADA has violated the overtime wage provisions of the FLSA;

B. As to Plaintiffs and others similarly situated:

   i. Awarding overtime compensation in amounts to be calculated;

   ii. Awarding liquidated damages in an equal amount to the overtime wages awarded;

   iii. Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate;

   iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   v. Awarding post-judgment interest; and

vi. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II
### VIOLATIONS OF 29 U.S.C. §§ 207, 216(b) AGAINST OKORO
### (OVERTIME COMPENSATION)

51. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-42 of this Complaint as if fully set forth herein.

52. Defendant OKORO, is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, CHI-ADA.

53. Defendant OKORO, acted directly in the interest of his company, CHI-ADA. Upon all available information, OKORO, controlled the manner in which Plaintiffs performed their work, and the pay they were to receive.

54. Specifically, OKORO determined company payroll decisions, and maintained the right to hire and fire Plaintiffs and other similarly situated during all pertinent times hereto.

55. Defendant OKORO willfully and intentionally refused to properly pay Plaintiffs and other similarly situated employees overtime wages as required by the law of the United States as set forth above.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against OKORO:

A. Declaring that OKORO has violated the overtime wage provisions of the FLSA;

B. As to Plaintiffs and others similarly situated:

   i. Awarding overtime compensation in amounts to be calculated;

ii. Awarding liquidated damages in an equal amount to the overtime wages awarded;

iii. Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate;

iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

v. Awarding post-judgment interest; and

vi. Ordering any other and further relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs, MERCEDES BENITEZ, MARCIA DE FATIMA FLORES and LAZARO A. RODRIGUEZ BRAVO, on behalf of themselves and others similarly situated and on behalf of prospective class and collective action members, demand a trial by jury on all issues so triable.

Dated: July 27, 2023

Respectfully submitted,

/s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
P. Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200